IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLOW ANITA KREUCHER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:17-cv-339-RP |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, JAIME MARTINEZ, and NEILYN NAVARRO, | § § § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court is Plaintiff Willow Anita Kreucher's Motion for Appointment of Counsel, filed May 24, 2017. (Dkt. 8). For the following reasons, the Court finds that the motion should be denied.

When considering a motion for the appointment of counsel, a court examines: (1) the plaintiff's efforts to obtain counsel; (2) the plaintiff's financial ability to retain counsel; and (3) the merits of the plaintiff's claims. *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990). Courts may also consider the plaintiff's ability, under the circumstances of the case, to present his or her case without the assistance of an attorney. *Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 412 (5th Cir. 2006). There is no absolute right to the appointment of counsel. *Thomas v. Norris*, No. 1:07-CV-573, 2008 WL 859190, at *2 (E.D. Tex. Mar. 28, 2008).

As to the first factor, Plaintiff's motion indicates that she has contacted around four law firms and three legal aid organizations about the possibility of securing representation. According to Plaintiff, she was either unable to afford their services or the organization lacked resources to handle her case. Because Plaintiff appears to have diligently sought representation, this factor weighs slightly in favor of appointing counsel.

Turning now to the second factor, Plaintiff appears to lack the resources to pay for an attorney's services. She was previously granted leave to proceed *in forma pauperis* in this matter. (*See* Order, Dkt. 3). Although she has secured employment since that time, the record suggests that her current income still falls below her monthly expenses. On the other hand, Plaintiff holds a non-negligible amount in stock as well as a small amount in savings. Since these amounts are likely necessary to cover the gap between Plaintiff's income and expenses, they do not advise against the appointment of counsel.

Finally, the Court must evaluate the merits of Plaintiff's claims. It appears that Plaintiff asserts two primary claims: retaliation in violation of the Americans with Disabilities Act ("ADA"), 28 U.S.C. §§ 12101 *et seq.*, and wrongful termination for her whistleblowing activities. Each of these, however, appears unlikely to succeed. State agencies, such as the Defendant here, are generally immune from liability under the ADA. *See Dottin v. Tex. Dep't of Criminal Justice*, 627 F. App'x 397 (5th Cir. 2015) (per curiam) (affirming dismissal of ADA retaliation claim on grounds of state sovereign immunity). Even in the absence of sovereign immunity, Plaintiff's allegations leave vague certain necessary elements of a retaliation claim, including what conduct constituted protected activity and whether there was a causal connection between that activity and the alleged adverse actions. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3-09-CV-31-D, 2010 WL 1779666, at *3 (N.D. Tex. Mar. 22, 2010) (listing necessary elements of ADA retaliation claim).

The Court likewise doubts that Plaintiff may maintain a claim under the Texas Whistleblower Act, Tex. Gov't Code § 554.004.[1] First, the Act only protects individuals who report violations of a state or federal statute, a local ordinance, or a rule promulgated under a statute or

---

[1] Plaintiff does not specifically identify this statute as the basis for her claim. However, the Court assumes from her reference to "whistleblowing" that this is the relevant statute. Though a broader federal statute exists to protect whistleblowers, its protection is limited to federal employees. *See* 5 U.S.C. §§ 1221(a); 2015(a); 2302(b)(8). Plaintiff was an employee of a state agency and thus does not enjoy the federal statute's protection.

ordinance, and it is not clear from Plaintiff's allegations that the safety issues she reported fall within any of these categories. *See id.* §§ 554.001, 554.002. Second, it is not clear from Plaintiff's pleadings that she has complied with the prerequisites to suit under the statute, or that she has filed her claim within the applicable limitations period. *See id.* §§ 554.005, 554.006. Finally, and most fundamentally, the Texas Whistleblower Act's waiver of sovereign immunity does not extend to suits brought in the federal courts. *See id.* § 554.0035; *Martinez v. Tex. Dep't of Criminal Justice*, 300 F.3d 567, 575–76 (5th Cir. 2002) ("[W]e hold that, under this Act, Texas has not waived its Eleventh Amendment immunity in federal court."). In other words, Plaintiff may pursue her whistleblower claims against TDCJ only in state court.

In light of the weakness of Plaintiff's claims and the lack of jurisdiction to adjudicate them in the absence of Defendant's waiver of sovereign immunity, the Court's evaluation of the merits of Plaintiff's claims weighs heavily against the appointment of counsel. Considering this along with the other relevant factors, the Court will decline to appoint counsel for Plaintiff in this matter.

Accordingly, Plaintiff's Motion for Appointment of Counsel is hereby **DENIED**. (Dkt. 8).

**SIGNED** on June 12, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE